IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TAWNA ALLEMAN,

   Plaintiff,

  v.

CARRABBA'S ITALIAN GRILL, LLC,
(FLORIDA),

   Defendant.

CIVIL ACTION NO.: 4:21-cv-68

## O R D E R

This matter is before the Court on Defendant Carrabba's Italian Grill, LLC, (Florida)'s

Motion for Summary Judgment, (doc. 29), and Request for Oral Argument, (doc. 31).  Plaintiff

Tawna Alleman initially filed this action in the State Court of Chatham County after she slipped

and fell while leaving a Carrabba's Italian Grill restaurant in Savannah, Georgia.  (Doc. 1, pp. 1–

7, 13–17.)  Plaintiff asserts a claim for negligence against Defendant and seeks compensatory

damages for personal injuries, medical expenses, mental and physical pain and suffering, and lost

wages.  (Id. at pp. 15–17.)  Defendant removed the case to this Court, (id. at pp. 1–7), and filed the

at-issue Motion for Summary Judgment, (doc. 29).[1]  Plaintiff filed a Response.  (Doc. 37.)  For

the reasons explained more fully below, the Court **DENIES** Defendant's Motion for Summary

Judgment.[2]  (Doc. 29).

---

[1]  Defendant filed duplicate copies of its Motion for Summary Judgment and Request for Oral Argument, (docs. 23, 25), both of which suffered from a filing deficiency, (doc. 28).

[2]  Defendant requests that the Court grant oral argument on its Motion for Summary Judgment.  (Doc. 31.) Having considered the parties' briefs on Defendant's Motion for Summary Judgment, the Court finds there is no need for a hearing.  Accordingly, the Court **DENIES** Defendant's Request for Oral Argument.  (Id.)

**BACKGROUND**

I.      **Factual Background**

On March 10, 2020, Plaintiff Tawna Alleman and her husband dined at a Carrabba's Italian Grill restaurant located in Savannah, Georgia (the "Restaurant").[3]  (Doc. 29-2, p. 1; doc. 36-1, p. 1.)  After they finished their meal, Plaintiff and her husband stood up from their table and walked towards the Restaurant's front exit.  (Doc. 29-2, p. 2; doc. 36-1, p. 2.)  Following her husband, Plaintiff stepped from a rubber mat onto a tile floor near the Restaurant's bar area.  (Doc. 29-2, p. 2.; doc. 36-1, p. 2; see also doc. 37-11.)  After stepping onto the tile floor, Plaintiff's foot slipped, causing her to fall forward on her left side and onto the ground.  (Doc. 29-2, p. 2; doc. 36-1, p. 2.)  Plaintiff testified that, "[i]mmediately after [she] fell," she "turned to look and . . . there was a small spill [on the floor]."  (Doc. 37-1, p. 33.)  While Plaintiff testified in her deposition that she did not know "[w]hether [the spill] was water or soda," (id.), she stated in an affidavit she filed in opposition to Defendant's Motion for Summary Judgment that the substance on the floor was "a small puddle of liquid" and that "the liquid . . . [she] saw when [she] was on the floor is the liquid that caused [her] foot to slip, lose [her] balance, and fall to the floor," (doc. 37-2, pp. 2–3).  Plaintiff's husband stated in his affidavit that "[w]hen [he] saw [Plaintiff] on the ground, [he] noticed a small puddle of liquid."  (Doc. 37-4, p. 3.)  Plaintiff, however, stated that she did not notice any liquid on her clothing after her fall.  (Doc. 29-2, p. 2; doc. 36-1, pp. 3–4; see also doc. 37-1, p. 34.)  After the fall, Plaintiff did not notify any of the Restaurant's employees and, instead, exited the Restaurant.  (Doc. 29-2, p. 2; doc. 36-1, p. 3.)  Plaintiff first notified the Restaurant of

---

[3]  Defendant Carrabba's Italian Grill, LLC, (Florida) owns and operates the Restaurant.  (Doc. 1, p. 14.)

her fall three or four days later, when she spoke on the phone with Tyrone Morgan, the Restaurant's

general manager at that time.  (Doc. 37-1, pp. 37–38; see also doc. 37-5, p. 2.)  According to the

deposition testimonies of Sarah Davis and Rachel Hart, two Restaurant employees working the

night of Plaintiff's fall, the area where Plaintiff fell is a "high traffic" area for carrying food and

drinks and that spills had occurred in that area before.  (Doc. 37-10, pp. 27–28, 31; doc. 37-12, pp.

14, 17.)

Defendant maintains procedures for inspecting and cleaning the floors at all the restaurants

it operates.  (See doc. 29-2, p. 3; doc. 36-1, p. 4.)  Specifically, each morning before opening, a

maintenance team cleans all of a restaurant's floors.  (Doc. 37-9, p. 30.)  During a restaurant's

open hours, the hosts, hostesses, and managers are primarily responsible for performing "walk-

throughs" every fifteen to thirty minutes to check on "the staff, the flooring, food safety, [and]

things of that nature."  (Id. at p. 30.)  In addition, every employee is responsible for "look[ing] out

for any trash, any wet liquids, [or] any thing that might be on the floor."  (Id. at p. 31.)  Furthermore,

Defendant trains "everyone to clean as [they] go."  (Id. at pp. 31–32.)  Finally, Bloomin' Brands,

Defendant's parent company, provides "Slip and Fall Prevention" documents to all of its

restaurants.  (Doc 29-2, p. 3; doc. 36-1, pp. 4–5; see also doc. 37-9, p. 85.)  The Slip and Fall

Prevention documents instruct employees to implement a "zero tolerance" policy for any spills on

the floor, to stop and guard spills until they are cleaned, and to post wet floor signs before cleaning

up spills.  (Doc. 37-9, p. 85.)

## II.    Procedural History

Plaintiff initially filed this suit in the State Court of Chatham County, asserting a claim for negligence and seeking compensatory damages for personal injuries, medical expenses, mental and physical pain and suffering, and lost wages.  (Doc. 1, pp. 15–17.)  Defendant removed the case to this Court, (id. at pp. 1–7), and filed the at-issue Motion for Summary Judgment, (doc. 29).  Plaintiff filed a Response.  (Doc. 37.)

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A fact is 'material' if it 'might affect the outcome of the suit under the governing law.'"  FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.  See Williamson Oil Co. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge its burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove her case

at trial.  See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).  If the moving party

discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present

affirmative evidence to show that a genuine issue of fact does exist.  Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view

the record and all reasonable inferences that can be drawn from the record in a light most favorable

to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., 630 F.3d 1346,

1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir.

2007)).  However, "facts must be viewed in the light most favorable to the nonmoving party only

if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380 (2007).  "[T]he

mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no genuine

issue of material fact."  Id. (citation and emphasis omitted).  Additionally, the Court is not

permitted to make credibility determinations, weigh conflicting evidence to resolve disputed facts,

or assess the quality of the evidence.  Reese v. Herbert, 527 F.3d 1253, 1271 (11th Cir. 2008).

## DISCUSSION

### I.      Premises Liability Law

Plaintiff's sole claim is for negligence based on her slip-and-fall incident.  (Doc. 1, pp. 15–

17.)  To prevail on a cause of action for negligence under Georgia law, a plaintiff must establish

the essential elements of duty, breach of duty, proximate causation, and damages.  Black v. Ga. S.

& Fla. Ry. Co., 415 S.E.2d 705, 707 (Ga. Ct. App. 1992).  Under Georgia law, the owner or

occupier of real property owes a duty to its invitees to exercise ordinary care in keeping its

premises safe.  O.C.G.A. § 51-3-1.  "This includes inspecting the premises to discover possible

dangerous conditions of which the owner/occupier does not have actual knowledge[] and taking

reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use

of the premises."  Robinson v. Kroger Co., 493 S.E.2d 403, 408–09 (Ga. 1997).

Nonetheless, in Georgia, "proof of a fall, without more, does not give rise to liability on

the part of a proprietor."  All Am. Quality Foods v. Smith, 797 S.E.2d 259, 261 (Ga. Ct. App.

2017) (quoting Ingles Mkts., Inc. v. Carroll, 765 S.E.2d 45, 47 (Ga. Ct. App. 2014)).  "To support

a premises liability claim, a plaintiff must show that the proprietor had superior knowledge—either

actual or constructive—of the hazard that caused the plaintiff's injury."  Hartman v. Clark, 801

S.E.2d 66, 67 (Ga. Ct. App. 2017).  "The true basis for an owner's liability is [its] superior

knowledge of the existence of a condition that could subject [its] invitees to an unreasonable risk

of injury."  Garrett v. Hanes, 616 S.E.2d 202, 204 (Ga. Ct. App. 2005).  Thus, if the owner lacked

actual or constructive knowledge of the hazard, the owner is entitled to summary judgment.  Drew

v. Istar Fin., Inc., 661 S.E.2d 686, 689 (Ga. Ct. App. 2008).  Furthermore, "[w]hether a hazardous

condition exists is the threshold question in a slip and fall case."  Season All Flower Shop, Inc. v.

Rorie, 746 S.E.2d 634, 638 (Ga. Ct. App. 2013).

**II.      Existence of a Hazardous Condition**

Defendant first argues that it is entitled to summary judgment because Plaintiff failed to

present evidence of a hazardous condition.  (Doc. 29-1, pp. 5–9.)  "Where the plaintiff cannot show

the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be

no recovery because an essential element of negligence cannot be proven."  Glynn-Brunswick

Mem'l Hosp. Auth. v. Benton, 693 S.E.2d 566, 568 (Ga. Ct. App. 2010) (internal quotations omitted).  Indeed, the existence of a hazardous condition "is the threshold question in a slip and fall case," Season All Flower Shop, Inc., 746 S.E.2d at 638, and "the plaintiff must produce evidence of what foreign substance, condition, or hazard caused her to slip and fall," Taylor v. Thunderbird Lanes, LLC, 748 S.E.2d 308, 311 (Ga. Ct. App. 2013) (internal quotations omitted).

Defendant argues that "Plaintiff has presented no evidence of any hazard that would have caused her to fall." (Doc. 29-1, p. 5.)  Defendant points to Taylor v. Thunderbird Lanes, LLC, 748 S.E.2d 308 (Ga. Ct. App. 2013), for the proposition that Plaintiff cannot rely on "simple guesses and speculation . . . to 'create even an inference of fact for consideration on summary judgment.'" (Doc. 29-1, p. 7 (quoting Taylor, 748 S.E.2d at 311).)  According to Defendant, "Plaintiff is merely speculating, after the fact, as to how she may have fallen," and "[s]uch conjecture[,] without any other concrete evidence[,] fails to establish the critical element of causation in any negligence case." (Id. at p. 8.)  The Court finds Defendant's argument unpersuasive.

Plaintiff's case is distinguishable from Taylor and other slip and fall cases where the plaintiff could only speculate as to what caused his or her fall.  For example, in Taylor, the plaintiff admitted that while she "believed she slipped on oil," she "did not notice oil or any other foreign substance" before she fell.  748 S.E.2d at 311.  Furthermore, the plaintiff in Taylor conceded that she "did not know for a fact that oil . . . was the hazardous condition that caused her to fall." Id.; see Futch v. Super Disc. Mkts., Inc., 526 S.E.2d 401, 404 (Ga. Ct. App. 1999) (finding insufficient evidence of a hazardous substance where plaintiff's "unambiguous testimony [was] that she did not see or feel any liquid in the area where she fell"); Willingham Loan & Realty Co. v.

Washington, 716 S.E.2d 585, 586–87 (Ga. Ct. App. 2011) (finding insufficient evidence of a hazardous substance where petitioner's deposition testimony showed that "she [did] not know what caused her to fall").  In contrast, here, Plaintiff testified that "[i]mmediately after [she] fell," she "turned to look and . . . [saw] a small [liquid] spill" that appeared to be either "water or soda," (doc. 37-1, p. 33; see also doc. 37-2, p. 2), and she has also specifically stated under oath that this liquid is what caused her foot to slip, resulting in her fall, (doc. 37-2, p. 3).  Plaintiff's husband stated in his affidavit that "[w]hen he saw [Plaintiff] on the ground, [he] noticed a small puddle of liquid, which [he] believe[s] was [a] clear liquid, though [he is] not sure if it was water or not." (Doc. 37-4, p. 3.)  Finally, the Restaurant's employees testified that the area in which Plaintiff fell is a "high traffic area" for carrying food and drinks, and spills had occurred in that area before. (Doc. 37-10, pp. 27–28, 31; doc. 37-12, pp. 14, 17.)  The foregoing evidence, when viewed in the light most favorable to Plaintiff, could lead a reasonable jury to infer that Plaintiff's slip and fall was caused by a puddle of water (or similar liquid) that was present on the Restaurant's floor. Accordingly, the Court finds that Defendant is not entitled to summary judgment on this basis. See Karesh v. Krystal Co., No. 1:05-cv-3296-TCB, 2007 WL 9701667, at *2 (N.D. Ga. June 6, 2007) ("[T]he Kareshes rely on more than mere conjecture.  Mr. Karesh testified that after falling to the floor, the back of his shirt felt wet, and Mrs. Karesh testified that the floor looked shiny and wet.  In addition, Mr. Sanford testified that the floor, which had been mopped approximately two minutes earlier, usually stayed damp for three to four minutes.  Taken together, and drawing all reasonable inferences in favor of the Kareshes, this evidence is sufficient to create a question of fact as to whether the floor was wet."); compare Dumas v. Big Lots Stores, Inc., No. 1:16-CV-

03313-WMR, 2019 WL 2713059, at *3 (N.D. Ga. Apr. 3, 2019) (finding sufficient evidence of a hazardous substance where plaintiff "identifie[d] the specific substance on the floor as what she thought to be a 'long trail of water,'" even though "she could not say with certainty that the substance that caused her to slip was undoubtedly water"), and Dodson v. Belk, Inc., No. 1:16-CV-0416-CC, 2018 WL 2056566, at *4 (N.D. Ga. Feb. 21, 2018) (finding a question of fact existed as to whether water on a floor constituted a hazardous condition where the plaintiff testified that "there was water where she fell and that she saw the smear in the stream of water where she had slipped in it"), with Kittles v. Wal-Mart Stores E., LP, No. 2:20-cv-69, 2021 WL 6125775, at *4 (S.D. Ga. Oct. 22, 2021) (finding insufficient evidence of a hazardous substance where plaintiff testified that "the floor was slippery" but could only "speculate[] that cleaning agents may have . . . led to the floor becoming slippery"), and Woodie v. Wal-Mart Stores E., LP, No. 1:07-CV-2523-RWS, 2008 WL 4542635, at *3 (N.D. Ga. Oct. 8, 2008) (finding insufficient evidence of a hazard on the floor where the plaintiff "testified that she [did] not have any information or knowledge concerning what alleged hazard was allegedly present on the floor in the area of" her slip and fall).

## III.   Defendant's Actual or Constructive Knowledge

Defendant next argues that it is entitled to summary judgment because Plaintiff failed to show that it had actual or constructive knowledge of the alleged hazard. (Doc. 29-1, pp. 9–12.) Plaintiff concedes that, "[a]s of the date of [his] Response, there is no evidence in the record that indicates that [Defendant] had actual knowledge of the spill." (Doc. 37, p. 8.) Thus, this case turns on whether Plaintiff provided sufficient evidence that could lead a reasonable finder of fact

to conclude that Defendant had constructive knowledge of the purported hazardous substance on the Restaurant's floor.  A plaintiff may demonstrate a proprietor's constructive knowledge of a hazard by showing that "(1) a store employee was in the immediate area of the hazard and could have easily seen the substance or (2) the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it."  Johnson v. All Am. Quality Foods, Inc., 798 S.E.2d 274, 277 (Ga. Ct. App. 2017).

According to Defendant, Plaintiff failed to show that it had constructive knowledge of the hazard because she "present[ed] no evidence that there was any type of commotion, crash, or spill that [its] on-duty employees would have had knowledge of," none of Defendant's employees witnessed Plaintiff's alleged fall, and Plaintiff did not alert any of Defendant's employees about the fall until four days after the incident. (Doc. 29-1, p. 10.)  Defendant further argues that Plaintiff cannot show that it had constructive knowledge of the alleged hazard because it "followed reasonable inspection procedures."  (Id. at pp. 10–12.)

The Court finds that summary judgment is improper because a genuine issue of material fact exists as to the second method for showing Defendant's constructive knowledge: whether "the foreign substance remained long enough that ordinary diligence by the store employees should have discovered it."  Johnson, 798 S.E.2d at 277 (citation omitted).  Regarding the second method, "[i]n order to prevail at summary judgment based on lack of constructive knowledge, *the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident*."  Sanderson Farms, Inc. v. Atkins, 713 S.E.2d 483, 487 (Ga. Ct. App. 2011) (emphasis added); see Straughter v. J.H. Harvey Co.,

Inc., 500 S.E.2d 353, 355 (Ga. Ct. App. 1998) (collecting cases).  While Plaintiff concedes that

Defendant had "reasonable inspection procedures" in place, (doc. 37, p. 10), Defendant has not

pointed the Court to any record evidence indicating that its employees actually performed those

procedures the night of Plaintiff's slip and fall incident, (see doc. 29-1, pp. 10–12).  Instead,

Defendant argues that because it "stresses to its employees that it maintains proactive

housekeeping practices throughout the day," the Court "must find that Defendant complied with

its reasonable inspection policy and had no constructive knowledge" of the purported substance

on the floor.  (Id. at p. 12.)  However, "proof of the mere existence of . . . customary procedures is

insufficient."  Sanderson Farms, Inc., 713 S.E.2d at 488.  Rather, "[e]vidence establishing an

adherence to customary inspection and cleaning procedures *on the specific day in question* is

required."  Id. (emphasis added).  While the record is replete with testimony and documents

regarding Defendant's procedures for inspecting the floor and cleaning up spills in general, (see,

e.g., doc. 37-9, pp. 30–32, 82–85; doc. 37-10, pp. 32–35; doc. 37-12, pp. 18–20), none of that

evidence indicates whether those procedures were followed the day of Plaintiff's slip and fall

incident.   Furthermore, Defendant has not pointed the Court to any logs or records of its

inspections.  (See doc. 29-1.)  Because Defendant failed to establish that its "reasonable inspection

procedures were in place *and* followed at the time of the incident," Plaintiff "need not show how

long [the] substance ha[d] been on the floor."  Deborde v. KFC U.S. Props., Inc., No. 1:05-CV-

1228-JOF, 2007 WL 781881, at *2 (N.D. Ga. Mar. 12, 2007) (emphasis added) (citing Straughter,

500 S.E.2d at 355).  Therefore, looking at the evidence in the light most favorable to Plaintiff, the

Court cannot conclude as a matter of law that Defendant lacked constructive knowledge of the

substance on the floor.  See Sanderson Farms, Inc., 713 S.E.2d at 488 (affirming denial of summary

judgment on the issue of constructive knowledge because defendant "failed . . . to introduce any

evidence to show adherence to [its] inspection and cleaning procedure on the day of [plaintiff's]

fall"); Plymale v. Cheddars Casual Café Inc., No. 7:20-CV-102 (WLS), 2022 WL 988313, at *9

(M.D. Ga. Mar. 31, 2022) ("[T]he evidence, when viewed in the light most favorable to Plaintiff,

could allow a reasonable jury to find that Defendant Cheddar's was not following its inspection

and cleaning procedures the night of the fall.  No testimony provides evidence that Cheddar's

employees . . . w[ere] looking for spills or hazardous conditions as they walked through the

restaurant.  Defendant presents evidence that its inspection policy was in existence and in place

but offers no direct evidence that the policy was actively followed on the date of the incident. . . .

Defendant Cheddar's did not produce any evidence of records or logs of any inspections and only

produced testimony stating the existence of a set inspection policy . . . .").

### CONCLUSION

In light of the foregoing, the Court **DENIES** Defendant Carrabba's Italian Grill, LLC,

(Florida)'s Motion for Summary Judgment, (doc. 29), and Request for Oral Argument, (doc. 31).

Furthermore, the Court **DIRECTS** the Clerk of Court to **TERMINATE** the duplicate Motion for

Summary Judgment, (doc. 23), and the duplicate Request for Oral Argument, (doc. 25), **as moot**.

**SO ORDERED**, this 21st day of June, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA